

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

PP:VC
F. #2025R00015

March 14, 2025

By E-Mail and ECF

Michael Daniel Weil
Federal Defenders of New York
One Pierrepont Plaza, 16th Floor
Brooklyn, New York 11201
Michael_Weil@fd.org

      Re:    United States v. Ramel Warner
                Criminal Docket No. 25-32 (BMC)

Dear Michael:

      Enclosed please find discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure." The discovery has been transmitted by USAfx, a file-sharing system. Please download these files as soon as practicable.

      Please note that some of this material is Victim Discovery Material as that term is defined in the Protective Order so-ordered by the Court on February 11, 2025 (ECF No. 12). As such, PDF files containing Victim Discovery Material have been marked as "Victim Discovery Material" on each page, and non-PDF files have been marked as "Victim Discovery Material" in the filename.

      The government also requests reciprocal discovery from the defendant.

I.    The Government's Discovery

    A.    Statements of the Defendant

      Please find enclosed two January 29, 2025 audio recordings of the defendant, bearing Bates numbers EDNY_000041-EDNY_000042 VICTIM DISCOVERY MATERIAL (includes Victim Discovery Material).

B. <u>The Defendant's Criminal History</u>

Please find enclosed a copy of the defendant's New York State Division of Criminal Justice Services criminal history dated March 13, 2025, bearing Bates numbers EDNY_000082-EDNY_000089.

C. <u>Documents and Tangible Objects</u>

Please find enclosed:

- Records received from Apple Inc. in response to a subpoena, bearing Bates numbers EDNY_000001-EDNY_000004.

- Information received from the New York City Department of Education in response to a subpoena, bearing Bates numbers EDNY_000005-EDNY_000006.

- Records and information received from the New York City Department of Youth and Community Development in response to subpoenas, bearing Bates numbers EDNY_000007-EDNY_000028 (includes Victim Discovery Material).

- Records received from Meta Platforms in response to a subpoena, bearing Bates numbers EDNY_000029-EDNY-000032.

- Cropped screenshots from the videos described in the indictment showing the defendant's face and arms, bearing Bates numbers EDNY_000033 VICTIM DISCOVERY MATERIAL-EDNY_000035 VICTIM DISCOVERY MATERIAL (Victim Discovery Material).

- Records received from T-Mobile in response to a subpoena, bearing Bates numbers EDNY_000036-EDNY_000040.

- Records received from the YWCA of the City of New York in response to a subpoena, bearing Bates numbers EDNY_000043 VICTIM DISCOVERY MATERIAL-EDNY_000081 VICTIM DISCOVERY MATERIAL (Victim Discovery Material).

You may examine the physical evidence discoverable under Rule 16, including original documents, by calling me to arrange a mutually convenient time.

D. <u>Reports of Examinations and Tests</u>

The government is not aware of any examinations or tests at this time. The government will provide you with copies of any additional reports of examinations or tests in this case as they become available.

E.  Expert Witnesses

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

The identity, qualifications, and bases for the conclusions of each expert will be provided to you when they become available.

F.  Brady Material

The government is not aware of any exculpatory material regarding the defendant. The government understands and will comply with its continuing obligation to produce exculpatory material as defined by Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. See Giglio v. United States, 405 U.S. 150 (1972).

G.  Other Crimes, Wrongs or Acts

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II.  The Defendant's Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify. See Fed. R. Crim. P. 26.2. In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim a defense of actual or believed exercise of public

authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

III. E-mails Sent and Received by Defendants Incarcerated at a Bureau of Prisons Facility

The government may request that the Bureau of Prisons ("BOP") produce to the government e-mails sent and received by the defendant during his/her period of incarceration at a BOP facility (collectively, "BOP e-mail communications"). Although it is the government's position that BOP e-mail communications, including those between the defendant and his or her attorneys and other legal assistants and paralegals on their staff, are not privileged communications, in most instances, the government will request that the BOP exclude from any production communications between the defendant and his or her attorneys and other legal assistants and paralegals on their staff, if you provide the full e-mail addresses for such attorneys, legal assistants and paralegals by March 21, 2025. To enable this process, the government requests that you send an e-mail to the undersigned Assistant U.S. Attorney with the list of e-mail addresses in the body of the e-mail. If you subsequently wish to provide an e-mail address for an additional attorney, legal assistant or paralegal or change any of the previously provided e-mail addresses, you should send an e-mail with the complete list of e-mail addresses, including e-mail addresses that remain unchanged, in the body of the e-mail.

IV. Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012).

Very truly yours,

JOHN J. DURHAM
United States Attorney

By: /s/ Vincent Chiappini
Vincent Chiappini
Assistant U.S. Attorney
(718) 254-6299

Enclosures

cc: Clerk of the Court (BMC) (by ECF) (without enclosures)